**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5130**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ANTONE FIGURIED, JR.,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:07-cr-00105-NCT-1)

Submitted:  August 21, 2009        Decided:  October 1, 2009

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antone Figuried, Jr., pled guilty to being in possession of a firearm while subject to a domestic-violence protective order, in violation of 18 U.S.C. §§ 922(g)(8), 924(a)(2) (2006). The district court sentenced him to twenty-four months in prison. On appeal, Figuried raises one issue, arguing that the district court erred by sentencing him without taking into account Figuried's presentence jail time on both related and unrelated state charges. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. 128 S. Ct. at 597. After determining whether the district court properly calculated the defendant's advisory Guidelines range, we must assess whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 596-97. Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted).

2

On appeal, Figuried claims the district court erred by not considering approximately six months Figuried spent in state custody on related charges, as well as additional time Figuried spent incarcerated on unrelated state charges before he was taken into federal custody. Figuried concedes that the district court was not required to give him actual credit for this time, but says the district court erred by not including the time among its consideration of the § 3553(a) sentencing factors. The Government responds that the calculation of jail credit is committed to the Bureau of Prisons; therefore, the district court did not err in failing to consider Figuried's presentence incarceration. We find that the relevant authority supports the Government's position. See United States v. Wilson, 503 U.S. 329, 333-34 (1992) (assigning calculation of jail credit under 18 U.S.C. § 3585(b) (2006) to Bureau of Prisons, not district court). Therefore, the district court did not impose an unreasonable sentence, procedurally or substantively, because of its decision not to shorten Figuried's federal sentence based on his presentence jail time in state custody on state charges. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3